**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAN 1 3 2003



| | |
|---|---|
| CAMBIOS NORTE S.A.,<br>Sarmiento 525<br>Buenos Aires,<br>Argentina 1041,<br>                         Plaintiff,<br><br>      --against--<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION, in its corporate capacity and as<br>receiver of Connecticut Bank of Commerce,<br>550 17th Street NW,<br>Washington, D.C. 20429,<br>                         Defendant. | CASE NUMBER 1:03CV00054<br><br>JUDGE: Reggie B. Walton<br><br>DECK TYPE: General Civil<br><br>DATE STAMP: 01/13/2003<br><br>ACTION |

Plaintiff Cambios Norte S.A., by its attorneys, for its complaint alleges as follows:

1. Plaintiff was a depositor of Connecticut Bank of Commerce ("CBC"), a failed bank with insufficient assets to cover all liabilities. The day before the closing of CBC, plaintiff had given instructions to CBC for the wire transfer of funds out of two deposit accounts it maintained with CBC. The instructions were never implemented and, as a result, the full amount of the funds that were to have been transferred remained on deposit until the bank was closed. Consequently, plaintiff will receive only its pro rata share of so much of the deposits as are uninsured. Plaintiff brings this action to recover damages for the failure of CBC and/or the Federal Deposit Insurance Corporation to make the wire transfers.

**Jurisdiction and Venue**

2.  This action arises under the Constitution and laws of the United States, including without limitation, the Federal Deposit Insurance Act, as amended, 12 U.S.C. § 1811, *et seq.*, the Administrative Procedure Act, 5 U.S.C.§ 701, *et seq.*, and the Fifth Amendment to the United States Constitution. This Court has jurisdiction over the subject matter of this action pursuant to 12 U.S.C. §§ 1821(d)(6) and 1821(f)(4), and 28 U.S.C. § 1331.

3.  Venue is proper in this Court under 12 U.S.C. § 1821(d)(6).

**The Parties**

4.  Plaintiff Cambios Norte S.A. is a sociedad anonima (a corporation) organized under the laws of Argentina (hereinafter "Plaintiff"). Its principal place of business is Buenos Aires, Argentina

5.  Defendant Federal Deposit Insurance Corporation ("FDIC") is the agency charged by law with, among other duties, administering the Federal Deposit Insurance Act and the federal bank deposit insurance system. The FDIC is sued in its corporate capacity ("FDIC-Corporate") as the insurer of bank deposits and the supervisor of the receivership activities of the FDIC, and in its capacity as the Receiver ("FDIC-Receiver") of Connecticut Bank of Commerce ("CBC").

**CBC and the Payment Orders**

6.  At all pertinent times, CBC was a bank chartered by the State of Connecticut with branches in Stamford, Connecticut and New York, New York.

7.     As of June 25, 2002, Plaintiff maintained commercial (checking) account no. 11288 under the account name Cambio Norte S.A. at the branch of CBC located at 90 Broad Street, New York, New York, with a balance in the account of more than $345,000.

8.     By written payment order faxed to CBC on June 25, 2002, Plaintiff requested CBC to wire transfer $345,000 from its account no. 11288 to the account of Bank Leumi (Latin America) at Bank Leumi, New York for credit to Plaintiff's account no. 2955-1 at Bank Leumi (Latin America) (the "Cambio Payment Order"). CBC received and accepted the Cambio Payment Order on June 25, 2002 during the course of the business day.

9.     As of June 25, 2002, Plaintiff maintained commercial (checking) account no. 61077 under the account name of Cambio Norte Inversiones at the branch of CBC located at 90 Broad Street, New York, New York, with a balance in the account of more than $830,000.

10.    By written payment order faxed to CBC on June 25, 2002, Plaintiff requested CBC to wire transfer $830,000 from its account 61077 to Bank Leumi (Latin America) at Bank Leumi, New York for credit to Plaintiff's account no. 2955-1 at Bank Leumi (Latin America) (the "Inversiones Payment Order"). CBC received and accepted the Inversiones Payment Order on June 25, 2002 during the course of the business day.

### The Closing of CBC

11.    Upon an ex parte application made by the Connecticut Commissioner of Banking on June 26, 2002 to the Superior Court of the State of Connecticut alleging that the bank was insolvent, the FDIC was appointed as Receiver of CBC.

12.    At approximately 4:39 pm on June 26, 2002, the FDIC accepted the appointment, physically and legally assumed control over CBC's accounts and operations, and closed the bank.

### Failure to Honor the Payment Orders

13. Although N.Y. UCC § 4A-301 requires that a payment order be executed the day the order is received, CBC failed to execute both the Cambio Payment Order and the Inversiones Payment Order on June 25, 2002, or at any time before the bank was closed by the FDIC on June 26, 2002.

14. Upon information and belief, CBC's failure to execute the Cambio Payment Order and the Inversiones Payment Order was at the direction of the FDIC and for the benefit of the FDIC.

15. As a result, the funds which were not transferred remained in the Plaintiff's accounts with CBC and are being treated as uninsured excess deposit amounts as to which Plaintiff will receive only a partial distribution from the assets of CBC. By reason of such partial distributions, Plaintiff will suffer a total loss of not less than $600,000 plus interest thereon from June 25, 2002.

### FDIC Disallows Plaintiff's Claims

16. By letters each dated August 16, 2002, Plaintiff wrote to the FDIC questioning the treatment of the accounts in view of the closing of CBC.

17. By letters each dated November 12, 2002, the FDIC confirmed that the transfers did not occur prior to the closing of CBC and that the rights of Plaintiff were correctly fixed at the time of the closing. The FDIC noted that to the extent the August 16, 2002 letters sent on behalf of Plaintiff constituted a claim for a different treatment, the claim was disallowed, and that if Plaintiff did not agree with the disallowance, it must file suit within 60 days of the date of the respective letter.

### Count One (against the FDIC-Receiver)

18. Plaintiff repeats and realleges the allegations of paragraphs 1 through 17 of this complaint as if fully set forth herein.

19. FDIC Receiver's treatment of the Plaintiff's accounts violates governing law, is not based on substantial evidence, is arbitrary and capricious and unlawfully deprives Plaintiff of the protections of the Federal Deposit Insurance Act to which Plaintiff is entitled.

### Count Two (against the FDIC-Receiver and FDIC-Corporate)

20. Plaintiff repeats and realleges the allegations of paragraphs 1 through 19 of this complaint as if fully set forth herein.

21. The actions of the FDIC-Receiver and FDIC- Corporate constitute an unlawful taking and appropriation of Plaintiff's property without just compensation in violation of the Fifth Amendment to the Constitution of the United States.

### Count Three (against the FDIC-Receiver and FDIC-Corporate)

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 of this complaint as if fully set forth herein.

23. FDIC-Receiver and FDIC-Corporate have unjustly and unfairly misappropriated and taken Plaintiff's property for their own use and benefit

**Count Four (against the FDIC- Receiver and FDIC-Corporate)**

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 of this complaint as if fully set forth herein.

25. FDIC-Receiver and FDIC-Corporate have violated their fiduciary duty to Plaintiff.

WHEREFORE, Plaintiff demands that judgment be entered as follows:

a) against Defendant as FDIC-Corporate on counts two through four in the amount of not less than $600,000 plus interest thereon at the rate allowed by law from June 25, 2002;

b) against Defendant as FDIC-Receiver on counts one through four directing FDIC Receiver to effectuate the uncompleted transfers as instructed by Plaintiff before CBC was closed on June 26, 2002, and to adjust both affected accounts and deposit amounts, including insurance payments, accumulated distributions and Receivership Certificates for the Plaintiff accordingly;

c) awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys fees under any applicable statute, rule or regulation; and

d) ordering such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues.

Dated: Washington, D.C.
       January 13, 2002

                          Respectfully submitted,

                          Stephen S. Kaye (DC Bar No. 292532)
                          Vanessa Y. Chandler (DC Bar No. 459137)
                          BRYAN CAVE LLP
                          700 Thirteenth Street N.W.
                          Washington, D.C. 2005
                          202/508 6000

                          Attorneys for Plaintiff

*Of Counsel:*

Kathleen M. Kundar
Rafael A. Ginebra
FOX HORAN & CAMERINI LLP
825 Third Avenue
New York, New York 10022
212/480 4800